UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

THOMAS RIDGEWAY                                                                      PLAINTIFF

v.                                                              CIVIL ACTION NO. 5:12CV-P118-R

COMMONWEALTH OF KENTUCKY *et al.*                                           DEFENDANTS

## MEMORANDUM OPINION

Plaintiff filed this *pro se* civil action under 42 U.S.C. § 1983 on August 2, 2012, along with a motion in which he requested the forms for filing an application to proceed without the prepayment of fees. On August 20, 2012, the Court entered an Order directing the Clerk of Court to send Plaintiff a blank prisoner application to proceed without prepayment of fees and affidavit form and ordered Plaintiff to file an application to proceed without prepayment of fees within 21 days.

On August 31, 2012, Plaintiff filed a "Motion for In Forma Pauperis," wherein he stated that he sought "to proceed without pre-payment of fees and costs in accordance with Federal Civil Rule of Procedure 39 14 and 12.2 Article 7 of the U.S. Constitution pertaining to indigent citizens rights . . . ." However, Plaintiff failed to file his motion on the Court's approved form as directed in the Order. Nor did he include a certified copy of his prison trust account statement as is required by 28 U.S.C. § 1915(a)(2). On September 6, 2012, the Court entered an Order denying his motion and again directing Plaintiff to file his motion on the Court's approved form and to file a certified copy of his prison trust account statement. That Order was returned by the United States Postal Service "Return to Sender," and the Court thereafter directed the Clerk to resend the Order to Plaintiff.

In the meantime, Plaintiff filed a second "Motion for In Forma Pauperis Status." That motion was also not filed on the Court's approved form and did not include a certified copy of his prison trust account statement.

Therefore, on November 10, 2012, the Court denied the motion and again ordered Plaintiff to file an application to proceed without prepayment of fees on the Court's approved form and to file a certified copy of his prison trust account statement within 21 days. The Order specifically warned Plaintiff that if he failed to comply with the Order it may result in dismissal of the action. Plaintiff has failed to file the application or to otherwise comply with the Court's November 10, 2012, Order.

Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Plaintiff's failure to comply with the Court's Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*
 Defendants
4413.010